**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROGER GASTMAN,434 N. La Brea Ave., Los Angeles, California 90036,<br><br>Plaintiff,<br><br>v.<br><br>CORY STOWERS, 2000 14th Street, NW, 6th Floor, Washington, DC 20009, and DOES 1-10;<br><br>Defendants. | Case No.: 24-CV-2269<br><br>PLAINTIFFS' COMPLAINT FOR VIOLATIONS OF VARA (17 U.S.C. § 106A)<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Roger Gastman, by and through his undersigned attorneys, hereby prays to this Honorable Court for relief based on the following:

## INTRODUCTION

1.      Plaintiff, Roger Gastman, ("Gastman") is a curator and artist that creates art under the name "Clear" and is currently residing in Los Angeles, California.

2.      Gatsman has co-authored several books about graffiti art, such as "*American Graffiti*," one of the preeminent sources of the subject. Gastman is also involved with critical pieces of cinema like "*Infamy*," Banksy's "*Exit Through the Gift Shop*," and "*Wall Writers*." Gastman earned fame and recognition for his graffiti exhibitions, including "*BEYOND THE STREETS*."

3.      Gastman is an author of an original mural ("Subject Mural") located at the basketball court in Stead Park ("Mural Property") in Washington, DC.

4.     The Mural Property originally featured a mural depicting the word "Humanity," which was painted by several artists and became widely known as the first graffiti mural painted with the permission and support of the community. For over three decades, the "Humanity" graffiti was a backdrop for everyday life and helped inspire a mural culture in the city.

5.     In 2001, Gastman, along with other artists, created the Subject Mural, which reflected "Wizard of Oz" theme, while leaving the original "Humanity" graffiti remaining. True and correct photographs of the Mural Property before and after the Subject Mural was created are shown below:

| **Before Subject Mural** |
| --- |
|  |

**After Subject Mural**



6.     The Subject Mural gained popularity and has its own website, *www.thehumanitywall.com*. The Subject Mural has been widely publicized and featured in numerous online articles and publications and has become a recognizable and distinct feature within the city.

7.     On information and belief, it is alleged that the federal government owns, operates, or otherwise controls the property on which the Subject Mural appeared before it was destroyed.

8.     On information and belief, it is alleged that Defendants Cory Stowers ("Stowers") and DOES 1-10 (collectively, "Defendants") commissioned several artists to repaint the Mural Property which distorted, mutilated, modified, and/or destroyed a significant portion of the Subject Mural (collectively, the "Offending Work"). True and correct photographs of the Offending Work

are shown below:

| Offending Work |
| --- |
|  |

9.      On information and belief, it is alleged that Defendants, and each of them, or entities directed and authorized by one or more of the Defendants unlawfully, and without Gastman's authorization, painted over, covered, and otherwise destroyed the Subject Mural to as shown above.

10.     Gastman brings this claim to seek redress for this unauthorized and unlawful destruction of his original artwork. Defendants have permanently mutilated Gastman's artwork, and plan to continue doing so based on their statements on *www.thehumanitywall.com*, without authorization, as set forth herein.

11.     Plaintiff is co-owner and co-author of the copyright for the Subject Mural.

12.     Gastman nor any other co-owner or co-author did not consent to the modification, alteration, distortion, destruction, and/or use of his Subject Mural as complained of herein.

13.     The alteration and partial destruction of Gastman's artwork without his consent or co-owner's consent as set forth herein violates his exclusive rights in his work as set forth in 17 U.S.C. 106A.

14.     Defendants, and each of them, have enjoyed a financial benefit by creating, commissioning, sanctioning, and employing the Offending Work to appeal to, interest, or lure the public to the Mural Property and advertise for certain brands, films, or companies.

## JURISDICTION AND VENUE

15.     This action arises under section 106(a) of the Copyright Act of 1976, Title 17 U.S.C., §§ 106A, *et seq.*

16.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

17.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

18.     Gastman is an individual residiing in Los Angeles, California

19.     On information and belief, Gastman alleges that Defendant Stowers is an individual residing in Washington, DC.

20.     On information and belief, it is alleged that DOES 1 through 10 are doing business in and with Washington, DC. Gastman is informed and believes and thereon alleges that Defendants DOES 1 through 10, are other parties not yet identified, including potential business entities with which Defendants coordinated and conspired with to paint over, mutilate, modify,

and otherwise destroy the Subject Mural, who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

21.     Gastman is informed and believes and thereon alleges that at all times relevant hereto certain of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of certain of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, certain knowledge of one or more of the violations of Gastman's rights and the damages to Gastman proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT MURAL

22.     Gastman co-authored and co-owns copyrights in the Subject Mural.

23.     On information and belief, it is alleged that Defendants, and each of them, commissioned, directed, and/or hired certain Doe Defendants to create, develop, and install the Offending Work where the Mural Property is located, to interest the public and/or with the intention to create a new work which will advertise for certain brands, films, or companies.

24.     The Subject Mural was destroyed by the creation and placement of the Offending Work with no regard to, and in violation of, Gastman's rights of artistic integrity.

25.     The Offending Work is displayed on the wall of the Mural Property and is displayed to the general public as shown in the photographs above.

26.     Prior to the acts complained of herein, Gastman created and publicly displayed the Subject Mural, including through the Subject Mural's prominent public location, as a work of community-facing art. The Subject Mural garnered significant unsolicited recognition by the public, including but not limited to, several online features and articles discussing the work which can be found at *https://fineartamerica.com/featured/a-wizard-of-oz-mural-at-a-basketball-court-cora-wandel.html*, *https://mikethemadbiologist.com/2015/09/25/stead-park-mural/*, *https://www.facebook.com/media/set/?set=a.597841070306453.1073741896.167868019970429 &type=3&_rdr*, *https://www.ipernity.com/doc/elvertbarnes/album/122756*.

27.     The Subject Mural spans the entire side of a two-story budling above a distinct area of the park, the basketball court. The sheer size and intricacy of the Subject Mural makes evident that the Subject Mural was not a run of the mill piece of graffiti or fly by night spray tag. The Subject Mural was a large, commissioned art project which could not be ignored or confused for anything but.

28.     As evident in the images above, Gastman signed the Subject Mural. Both the signature and stamp constitute copyright management information and gave notice of the author and who to contact regarding potential removal of the Subject Mural. Defendants failed to contact Gastman or the other artists prior to the destruction of the Subject Mural.

29.     Once commissioned, the Subject Mural remained on the wall for 22 years.

30.     Defendants knew that the Subject Mural existed and should have known from its sheer size and import that it was a commissioned piece and allowed the piece to remain untouched for 22 years.

31.     The Subject Mural was capable of removal without destroying or modifying it. Murals and large works of street art are frequently removed and sold as separate pieces. For example, the famous street artist Banksy has removed and sold several works removed or "salvaged" from walls[1].

32.     On information and belief, Plaintiff alleges Defendants have willfully distorted, mutilated, modified, and destroyed the Subject Mural for financial benefit by, without limitation, authorizing, facilitating, approving and/or financially benefitting from the destruction of the Subject Mural to create the Offending Work, which is presently incomplete but in the process of being completed. The aforementioned acts included, without limitation, painting over and altering the elements of the Subject Mural by painting a large white rectangle, on top of the Subject Mural, permanently defacing and irreparably damaging the Subject Mural.

33.     Upon information and belief, Plaintiff alleges that Defendants, and each of them, had actual knowledge of the existing Subject Mural and intentionally, willfully, recklessly, and/or negligently destroyed the Mural despite such knowledge.

34.     Plaintiff has not in any way authorized Defendants, or any of them, to distort, mutilate, modify, alter, or otherwise destroy any portion of the Subject Mural.

**FIRST CLAIM FOR RELIEF**

---

[1] How do you remove a Banksy mural?, February 20, 2014, https://www.independent.co.uk/arts-entertainment/art/features/how-do-you-remove-a-banksy-mural-9142482.html (last visited April 9, 2024).

(For Violations of 17 U.S.C. § 106A ("VARA") – Against all Defendants, and Each)

35.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

36.     Plaintiff is one of the authors of the Subject Mural work of visual art, located at Stead Park on the two-story budling at 1633 P Street NW, Washington, DC. Plaintiff owns rights, title, and interest in and to the Subject Mural.

37.     On information and belief, Plaintiff alleges that the Subject Mural is a work of recognized public stature and Defendants altered, distorted, deformed, mutilated, modified, and/or defaced the Subject Mural to create the Offending Work in violation of the Visual Artists' Rights Act, codified at 17 U.S.C. § 106A ("VARA").

38.     On information and belief Plaintiff alleges that the purpose of VARA is to protect two moral rights of artists—the rights of "integrity" and "attribution" and it allows Plaintiff to prevent the (1) removal of his attribution information from his work and the (2) alteration, modification, distortion, deformation, and/or mutilation of his work.

39.     On information and belief Plaintiff alleges that Defendants, and each of them, as alleged herein intentionally committed, or authorized the intentional commission of, the physical defacement, mutilation, alteration, or destruction of the Subject Mural in a manner that is injurious to Plaintiff's honor, integrity, and position in the industry. The aforementioned acts included, without limitation, painting over the Subject Mural.

40.     Defendants knew or should have known that the Subject Mural was a commissioned piece of art. Defendants were responsible for commissioning Plaintiff to complete the work and a simple google search would have revealed articles regarding its history,

provenance, and significance. Further, Defendants knew it had not contacted the author prior to approving, commissioning, or otherwise authorizing the defacement, mutilation, alteration, and destruction of the Subject Mural.

41.     Despite this knowledge, Defendants proceeded with the alleged conduct resulting in willful, reckless, and/or grossly negligent desecration, distortion, mutilation and destruction of the Subject Mural.

42.     On information and belief Plaintiff alleges that the aforementioned modifications or alterations to the Subject Mural were the result of at least gross negligence.

43.     The Subject Mural is a work of "visual art" as that term is used in Section 106A because it is an original work of visual art of recognized stature and quality and has received public recognition within the relevant community.[2]

44.     At the time of the creation of the Subject Mural, the owner of the building and property on which the Subject Mural appears, and/or their agent, authorized the creation of the Subject Mural.

45.     On information and belief Plaintiff alleges that the above acts were committed intentionally, willfully, recklessly, and/or in a grossly negligent manner. Defendants' desecration, distortion, mutilation and destruction of the Subject Mural is the actual and proximate cause of injury and prejudice to Gastman's federally protected rights of integrity.

---

[2] *See,e.g.,*Not-So-Hidden. D.C.: Graffiti, and Oz, *https://www.facebook.com/media/set/?set=a.597841070306453.1073741896.167868019970429 &type=3&_rdr* (last visited May 17, 2024); The Humanity Wall, *https://thehumanitywall.com/* (last visited May 17, 2024); A Wizard of Oz Mural At A Basketball Court, *https://fineartamerica.com/featured/a-wizard-of-oz-mural-at-a-basketball-court-cora-wandel.html* (last visited May 17, 2024).

46.     Plaintiff has been damaged by the above acts and seeks actual damages, disgorgeable profits, statutory damages, costs and attorneys' fees in an amount to be set at trial and through post-trial motions.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a.  That the Court enjoin Defendants from removing public displays of an artist's work without adopting proper policies and procedures to supervise the safe and careful removal and with the artist's knowledge, participation and consent.

b.  That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Mural.

c.  That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their respective acts of infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 106A, *et seq.*;

d.  That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505 and 17 U.S.C. § 106A, *et seq.*

e.  That a trust be entered over all infringing uses of the Subject Mural, and all profits realized through the sales and distribution of said work;

f.   That the Court assess punitive damages against Defendants sufficient to punish them

     from engaging in similar conduct in the future;

g.   That Plaintiff be awarded pre-judgment interest as allowed by law;

h.   That Plaintiff be awarded the costs of this action; and

i.   That Plaintiff be awarded such further legal and equitable relief as the Court deems

     proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the

7th Amendment to the United States Constitution.


Dated: August 1, 2024                    Respectfully submitted:

                              By:     /s/ Michael D. Steger
                                       Michael D. Steger
                                      michael@donigerlawfirm.com
                                      msteger@steger-law.com
                                       Scott Alan Burroughs (pro hac vice
                                       application to be submitted)
                                       scott@donigerlawfirm.com
                                      DONIGER / BURROUGHS
                                      247 Water St First Floor,
                                      New York, New York 10038
                                      (310) 590-1820
                                      Attorneys for Plaintiff